# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TONY LAMAR VANN | § § | |
| v. | § § | Civil Action No. 4:18-CV-570 (Judge Mazzant/Judge Nowak) |
| KEN PAXTON, ET AL. | § § | |

## MEMORANDUM ADOPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 18, 2019, the reports of the Magistrate Judge (Dkts. #46; #47) were entered containing proposed findings of fact and recommendations that: (1) Defendants Collin County Assistant District Attorneys Melanie Wiesman and Ashley Keil's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #13), Defendant Ken Paxton's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (Dkt. #25), and Defendant Richard Chambers' Motion to Dismiss (Dkt. #34) each be granted; (2) Plaintiff's "Objection to; Defendant[']s Assertion of the Qualified Immunity Defense and Sanctions/And Second Motion for Default Judgment Rule 12, and Rule 55(B)(1) and 5 U.S.C. 552(A)" (Dkt. #36) be denied; and (3) Defendants Collin County Assistant District Attorneys Melanie Wiesman and Ashley Keil's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant (Dkt. #42) be denied. Having received the reports of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #49), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's reports should be adopted.

### RELEVANT BACKGROUND

On August 6, 2018, Plaintiff filed the instant suit against Defendants Texas Attorney General Ken Paxton, Assistant District Attorney Melanie Wiesman, Assistant District Attorney

Ashley Keil, and Wylie Police Officer Richard Chambers ("Officers Chambers"), asserting claims arising from his state criminal proceedings (Dkt. #1). After a traffic stop and consented-to search of his vehicle which yielded a small baggie of cocaine, on April 18, 2017, Plaintiff was arrested by Officer Chambers (Dkt. #4-1 at p. 3). In July 2017, Plaintiff was indicted for felony possession of a controlled substance under one gram (Dkt. #13-2). *State of Texas v. Tony Lamar Vann*, Cause No. 401-83037- 2017. In the state criminal proceedings, the Government was represented by Collin County Assistant District Attorneys Melanie Wiesman and Ashley Keil. In his criminal proceedings, Plaintiff filed a Motion to Dismiss (Dkt. #4-1 at p. 1) and a Motion to Quash (Dkt. #4-1 at p. 4). Plaintiff entered a guilty plea on May 23, 2018 (Dkt. #13-3), and is currently fulfilling a period of probation for the conviction.

Plaintiff filed his Amended Complaint on September 6, 2018, seeking compensatory and punitive damages as relief for alleged violations of his civil rights under § 1983 and for "First Amendment Retaliation" (Dkt. #4 at pp. 1, 3). Plaintiff alleges he was wrongfully convicted (Dkt. #1). Specifically, Plaintiff asserts that Officer Chambers "planted drugs in Plaintiff[']s vehicle. In retaliation for trying to get BBQ pits for free," and because he filed various pleadings in the state criminal proceeding, "this made the D.A. [Melanie] Wiesman [and] Ashley [Keil] angry!!!...in retaliation[,] they stopped the motion hearing on May 23, 2018[,] threatening Plaintiff with a 20 year sentence" (Dkt. #4 at p. 3) (emphasis in original). Plaintiff's Amended Complaint does not contain any mention of AG Paxton, beyond the style of the case.

On April 18, 2019, the Magistrate Judge entered two Reports and Recommendations, the first recommending that Defendants' Motions to Dismiss be granted, and Plaintiff's Motion for Default Judgment be denied (Dkt. #46); and the second recommending that Defendants Collin County Assistant District Attorneys Melanie Wiesman and Ashley Keil's Motion for Sanctions

2

and to Declare Plaintiff a Vexatious Litigant be denied (Dkt. #47). The first report recommending dismissal of Plaintiff's claims specifically found that: (1) the Eleventh Amendment bars Plaintiff's claims under § 1983 against Defendants Wiesman, Keil, and AG Paxton in their official capacities; (2) the entirety of Plaintiff's claims under § 1983 are barred by *Heck v. Humphrey*; (3) Plaintiff's claims under § 1983 against Defendants Wiesman and Keil are barred by prosecutorial immunity; (4) as Plaintiff does not allege any personal involvement by AG Paxton, his claims against AG Paxton in his individual capacity should be dismissed under Rule 12(b)(6); and (5) Plaintiff cannot prove a constitutional violation in connection with Officer Chambers's conduct. Plaintiff filed an "Objection to All Informations [sic] in Report and Recommendation of United States Magistrate Judge" (Dkt. #49).

## OBJECTIONS TO REPORTS AND RECOMMENDATIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff asserts two objections to the first report recommending dismissal of his claims: first, the report failed to consider Plaintiff's assertion that "all part[ies] in above cause failed to timely object to. . . Officer Richard Chambers['s] body camera showing him planting drugs in Plaintiff['s] vehicle"; and second, "all parties have not affirmatively consent[ed] to a Magistrate Judge['s] jurisdiction" (Dkt. #49). Neither Plaintiff nor Defendants object to the second report recommending Defendants' request for sanctions be denied. The Court therefore adopts such recommendation, and considers herein Plaintiff's enumerated objections.

*Evidence-Planting Allegations*

Plaintiff argues that the report specifically failed to consider Plaintiff's "Objection to All Pleading of Defendants for Party's Failure to Oppose Video Certified Copy #9347 Dis 1 of 3 Officer Richard Chambers Body Camera Local Rule CV-7(D) & (E) Rule 12 [sic] Objections," wherein Plaintiff asserts that because Defendants did not respond to the body camera footage, "judgment belongs to Plaintiff as a matter of law" (Dkt. #43). The report clearly considered Plaintiff's assertion that Officer Chambers planted contraband in Plaintiff's vehicle. Indeed, the report, in finding Plaintiff's claims barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), stated:

> Plaintiff contends that, in violation of Plaintiff's constitutional rights, Officer Chambers planted the contraband in his vehicle . . . .The entirety of Plaintiff's claims revolves around his averment that he has been wrongfully convicted of this crime. . .  a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction (i.e., that he was the victim of Officer Chambers's scheme to plant the contraband in his vehicle, resulting in his conviction, and the prosecutors ignored the allegedly illegal search and threatened him with a hefty sentence when he defended his case).. . . . Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. . . .Thus, despite Plaintiff's averments to the contrary, it is clear that Plaintiff's claims necessarily seek to and would undermine the validity of his conviction. "Under the holding in *Heck*, [P]laintiff may not employ this § 1983 action to collaterally attack any of those state criminal convictions."

(Dkt. #46 at pp. 11–13). A judgment in Plaintiff's favor herein, i.e., finding that Officer Chambers retaliated against Plaintiff by planting the drugs underlying his conviction or otherwise, would necessarily imply the invalidity of his conviction. Plaintiff's claims are barred by *Heck v. Humphrey. See e.g., Conlan v. King, et al.*, 682 F. App'x 345 (5th Cir. 2017); *Villegas v. Galloway, et al.*, 458 F. App'x 334, 337 (5th Cir. 2012). Plaintiff's objection is overruled.[1]

---

[1] Insofar as Plaintiff moves for default judgment as a result of Defendants' purported failure to respond to Docket #43, the Court finds that such request is improper as no default has occurred. *Spence v. Argent Mortg. Co., LLC*, No. 4:13CV512, 2014 WL 11486242, at *1 (E.D. Tex. May 27, 2014), *report and recommendation adopted,* No. 4:13CV512, 2014 WL 11486244 (E.D. Tex. Sept. 29, 2014).

*Referral to Magistrate Judge*

Plaintiff's argument that the Report was improper because all parties have not consented to the Magistrate Judge is misplaced. "[A full Article III] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and "may also designate a magistrate judge to ... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s]." 28 U.S.C. § 636(b)(1)(A)–(B). "Additionally, the Eastern District of Texas's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review." *Robinson v. Texas*, 4:18-CV-66, 2018 WL 4057192, at *2 (E.D. Tex. Aug. 27, 2018) (Mazzant, J.) (citing E.D. Tex. Local Civil Rule 72(d)).

Upon referral, a magistrate judge may recommend disposition of a motion to dismiss to the district judge; the district judge then conducts a de novo review of those portions of the recommendation to which parties raise specific, timely objection. Contrary to Plaintiff's assertion, "[t]he consent of the parties is not required for a district court to refer a motion to dismiss to a magistrate under 28 U.S.C. § 636(b)(1)(B)." *Smith v. Am. Postal Workers Union*, 306 F. App'x 178, 180 (5th Cir. 2009). On August 6, 2018, the undersigned referred this case to the Magistrate Judge for pretrial proceedings. On April 18, 2019, the Magistrate Judge recommended that Defendants' Motions to Dismiss be granted and Plaintiff's claims be dismissed (Dkt. #46). The Magistrate Judge acted within the bounds of statutory authority in making such recommendation. *See Smith*, 306 F. App'x at 180. Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #49), and having conducted a de novo review, the Court adopts the Magistrate Judge's reports (Dkt. #46; #47) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that each of Defendants Collin County Assistant District Attorneys Melanie Wiesman and Ashley Keil's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #13), Defendant Ken Paxton's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (Dkt. #25), and Defendant Richard Chambers' Motion to Dismiss (Dkt. #34) be **GRANTED**. Plaintiff's § 1983 claims against Defendants Wiesman, Keil, and AG Paxton in their official capacities are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's § 1983 claims against Defendants Wiesman, Keil, AG Paxton in their individual capacities and Plaintiff's claims against Officer Chambers are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's "Objection to; Defendant[']s Assertion of the Qualified Immunity Defense and Sanctions/And Second Motion for Default Judgment Rule 12, and Rule 55(B)(1) and 5 U.S.C. 552(A)" (Dkt. #36) is **DENIED**.

It is further **ORDERED** that Defendants Collin County Assistant District Attorneys Melanie Wiesman and Ashley Keil's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant (Dkt. #42) is **DENIED**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

  **SIGNED this 31st day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE